UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

LISA KRAUSE

          Plaintiff,

     v.

GREG KELEHAN, SUPERINTENDENT,
ORISKANY CENTRAL SCHOOL DISTRICT;
ORISKANY CENTRAL SCHOOL DISTRICT;
ORISKANY CENTRAL SCHOOL DISTRICT
BOARD OF EDUCATION; CARL GRAZADEI,
BOARD PRESIDENT; SHIRLEY BURTCH, VICE
PRESIDENT; MICHELLE ANDERSON, MEMBER;
ROBIN APPLER, MEMBER; THERESE HANNA,
MEMBER; ADAM KERNAN, MEMBER; AMY MAYO,
MEMBER; TAD BEAVER, FORMER MEMBER;
CHARLES COURTNEY, FORMER MEMBER;
PATRICK HOEHN, FORMER MEMBER;
DONALD ROTHDEINER, FORMER MEMBER;
MIKE DAVIS, REPRESENTATIVE OF
"ORISKANY ADMINISTRATOR'S UNION",

          Defendants.
_____

**COMPLAINT**

6:17-cv-01045
LEK/ATB

Jury Trial Demanded

    Plaintiff, Lisa Krause, as and for her complaint, alleges as follows:

    This is a complaint under Title VII and the Human Rights Law of the State of New York, to remedy violations of the rights of Plaintiff Lisa Krause under the laws of the United States and the State of New York for injuries and harm caused by the Defendants in their individual and official capacities as employees and employers and as agents of the Oriskany Central School District. The unlawful employment practices alleged herein were committed in whole or in part by the Oriskany

Central School District and the individuals and officials listed above.

**PARTIES**

1. Plaintiff, Lisa Krause, at all times relevant to this Complaint, is a female citizen of the United States and a resident of the County of Oneida and State of New York. She was at all times relevant herein an employee of the Oriskany Central School District since on or about December, 2014 until on or about October 19, 2016.

2. Defendant, Oriskany Central School District is a municipal corporation organized and existing under the laws of the State of New York and at all relevant times had its principal place of business at 1313 Utica Street, Oriskany, NY 13424. At all times relevant hereto, this Defendant employed the Plaintiff and the hereinbefore named individual Defendants. The said Oriskany Central School District (CSD) is by law responsible for the wrongdoing of officers and employees of the Oriskany CSD and by law responsible for the direct participation and endorsement of the unconstitutional and unlawful customs, policies, and practices of the other Defendants. This Defendant was also aware, through its officers, representatives, and agents, of the long-standing unlawful customs, policies and practices of the other named Defendants, and deliberately and/or negligently failed to take action to correct the unlawful customs, policies and practices of the other Defendants.

3. Defendant, GREG KELEHAN, SUPERINTENDENT is a duly appointed representative and agent of the Oriskany Central School District and as such is the employer of the Plaintiff and a policy making official within the Oriskany Central School District, carrying out the directives and enforcing and enacting policies and acts both as recommended by him and as endorsed by the Oriskany CSD and Defendant school board and members. Defendant Gregory Kelehan

recommended termination of Plaintiff's employment and such was adopted by the current Oriskany CSD school Board members on or about October 19, 2016, over Plaintiff's objection.

4. Defendant, CARL GRAZADEI, BOARD PRESIDENT, at all times relevant to this Complaint, was the duly appointed President of the Defendant School Board of the Oriskany Central School District. As such, he is the employer of the Plaintiff and other named individual Defendants and responsible, among other things, for the training, supervision, discipline and conduct of the other named Defendants, who are also Plaintiff's supervisors. He is also responsible, by law, for enforcing the rules and regulations of the State of New York and Town of Oriskany and for insuring that employees of the Oriskany CSD obey the laws of the State of New York and the United States. As Plaintiff's supervisor during her employment, he had the power to make personnel decisions regarding Plaintiff's employment.

5. Defendants SHIRLEY BURTCH, MICHELLE ANDERSON, ROBIN APPLER, THERESE HANNA, ADAM KERNAN, AMY MAYO, TAD BEAVER, CHARLES COURTNEY, PATRICK HOEHN, DONALD ROTHDEINER, at all times relevant to this Complaint, are or were members of the Defendant School Board of the Oriskany Central School District. As such, they were the employer of the Plaintiff and other named individual Defendants and responsible, among other things, for the training, supervision, discipline and conduct of the other named Defendants, who are also Plaintiff's supervisors. They are or were also responsible, by law, for enforcing the rules and regulations of the State of New York and Oriskany School District and for insuring that employees of the Oriskany CSD obey the laws of the State of New York and the United States. As Plaintiff's supervisors during her employment, they had the power to make personnel and supervisory decisions regarding Plaintiff's employment and that of Gregory Kelehan.

6. Defendant MIKE DAVIS, at all times relevant hereto acted in concert with Greg Kelehan and the oher Defendants and/or as the representative of the "ORISKANY ADMINISTRATOR'S UNION" and as such, had a duty to fairly represent Plaintiff and was also responsible for ensuring that the Plaintiff was not subjected to the unlawful acts of Gregory Kelehan and the other named Defendants.

7. All of the above-named Defendants are responsible for the establishment and perpetuation of a hostile work environment and discriminatory and retaliatory policies, customs, practices and habits of Greg Kelehan and also aided and abetted the unlawful conduct described herein. The Defendants all are equally responsible and legally accountable for the unlawful conduct of each other for their actions and/or failing to intercede and prevent the unlawful, hostile, discriminatory and retaliatory conduct.

8. During all times mentioned in this Complaint, Defendants were acting within the scope of their employment and under color of law, namely, under color of the Constitution, statutes, laws, charters, ordinances, rules, regulations, customs, and usages of the State of New York and the Oriskany Central School District in the State of New York.

**FACTS**

9. Defendant Kelehan subjected Plaintiff to excessive scrutiny in her position as principal by among other things, "visiting" Plaintiff's building and regularly remaining on site almost daily for two or three hours. During such times he would continually subject Plaintiff to criticism and/or interfere with Plaintiff's ability to establish authority and develop relationships with staff. Further, Kelehan would comment on Plaintiff's role as a mother with her family and claim her family was a "distraction". On information and belief, Defendant Kelehan did not raise such criticisms about

past male principals or male employees.

10. Plaintiff states that Kelahan falsely manufactured and exaggerated bases for her termination in retaliation for the public revelation of his extraordinarily abusive and ineffectual interactions with her as reported to the Oriskany School Board beginning on or about December 2015 through March 2016. Such information included, but was not limited to, throwing objects (paper stack) at Defendant, repeatedly screaming in Defendant's face (ten or more times) for random and often petty matters, including the phone not being answered due to a secretarial restroom break on February 11th, 2016, and reducing Plaintiff to tears by his conduct. Mr. Kelahan's abusive and irrational conduct escalated since Defendant's employment began and the other named Defendants were made aware of such bullying conduct and failed to act to protect Plaintiff from such hostile conduct. On information and belief, Kelehan did not act in such fashion toward male employees.

11. Defendant Kelehan actively undermined Defendant's authority on a regular basis by encouraging staff to communicate through himself instead of through her, leaving her "outside the loop"and sought ways to pit staff one against another. Kelahan made false statements to others representing that he was providing information from Plaintiff including reporting to her secretary that she "wanted to fire her". On information and belief, Kelehan did not act in such fashion toward male employees.

12. Defendants have a duty to Plaintiff, by contract, statute and common law to provide Plaintiff a safe and harassment-free workplace free of intimidation, retaliation, bullying, or intentional infliction of emotional distress. Defendants knew, both collectively and individually, that Defendant Kelehan was mistreating, harassing, bullying, and intimidating Plaintiff yet failed to act to protect Plaintiff from such conduct and in fact facilitated and perpetuated such unlawful treatment

of the Plaintiff. Defendants negligently and/or with reckless disregard to Plaintiff's rights acted both individually and in concert to facilitate the termination of the Plaintiff knowing same was contrived, unwarranted, and without lawful basis. On information and belief, the Board did not allow such actions toward male employees.

13. Defendant Kelehan also failed to follow established process in the evaluation and appraisal of Plaintiff, only randomly providing evaluations, often incomplete, and with little or no discussion of the contents. Those documents do not refer to or identify specific instances forming the basis for any justifiable finding Plaintiff failed to meet standards or needs improvement. Plaintiff was entitled to an external evaluator at least once a year by NYS APPR but was not provided any external evaluator. On the occasions Plaintiff sought to clarify or respond to some item of critique in performance review, the meeting would be abruptly terminated, oftentimes with Kelahan becoming agitated and hostile or yelling such things as "How dare you speak to me this way!!", or that he would "not continue the meeting!" Kelehan has also expressed discriminatory statements to Plaintiff in stating, "That's why I hate working with women, they're always so emotional".

14. Defendant Kelehan also demonstrated his contempt of Plaintiff in surreptitiously speaking to others about her and his intentions to move and or terminate her. Such conduct reveals a lack of respect for Plaintiff or the process under which Plaintiff's employment contract was to proceed or be enforced, subjecting Plaintiff to contract breach and harm to her reputation.

15. Defendant Kelehan unlawfully threatened Plaintiff with her job in the context of her family, commenting that he viewed Plaintiff's casual reference to her family as a "passive-aggressive" effort to keep him from terminating Plaintiff.

16. Kelehan further tormented Plaintiff by asserting to her that "good principals don't get

sick" following an injury to Plaintiff's back; informing her that he "wasn't sure" Plaintiff would be retained in April, 2015 and that the board had been so informed; stating that he intended to place Plaintiff in the elementary school with board support; stating that he was going to "cut" Plaintiff's position; informing Plaintiff in June, 2016 that he decided to keep Plaintiff on in her position and then recommending her termination; placing Plaintiff on an "improvement plan" without justification and thereafter refusing to address the plan with Plaintiff or definitively respond to Plaintiff's inquiry about the continuation of her "improvement plan"; simultaneously banned Plaintiff from the school grounds and demanded that she appear before him, subjecting her to additional fear and dread; retaliating against Plaintiff for her assistance and advocacy on behalf a disabled student in violation of the Rehabilitation Act and the Americans with Disabilities Act; seeking a no-confidence vote against Plaintiff by intimidating staff to falsely justify recommendation of Plaintiff's termination; falsely representing statements and actions of the Plaintiff; seeking to replace Plaintiff with a man; fostered further hostile work environment and discriminatory and retaliatory treatment of Plaintiff by directing coworkers to complain about Plaintiff.

17. This complaint is in all respects based upon past and continuing and ongoing harm and injury caused by the Defendants in their discriminatory and retaliatory acts and policies. Such acts and polices are illegally imposed on the Plaintiff by the defendants employing and endorsing a policy which treats Plaintiff and other women as a second class citizen, excluding her without cause from a position of visibility and authority.

18. Defendants hold female principals to higher standards and scrutiny while allowing male employees or principals to evade discipline or criticism for the same or similar performance.

19. At all times relevant herein, LISA KRAUSE was an "Employee" of the Defendants

and the Defendants were an "Employer" of the Plaintiff and/or aiders and abettors as provided for by the Human Rights Law of the State of New York.

20. The acts of the Defendants are such that they had both actual and constructive knowledge of the misconduct of Gregory Kelehan and as such are jointly and severally liable to Plaintiff for the unlawful termination and humiliation caused to her.

21. At all times mentioned in this Complaint, Defendants acted both individually and/or jointly and in concert with each other. Each Defendant had the duty and the opportunity to protect Plaintiff from the unlawful actions of the other Defendants but each Defendant failed and/or refused to perform such duty, thereby proximately contributing to and causing Plaintiff's injuries.

22. Plaintiff is a civil service employee and a member of the Union and employees as such are protected by the contract in effect entered into by the Defendant Oriskany Central School District with its employees. Such contract has inherent within its provides for the fair and equal treatment in matters of pay and terms of employment including discipline and sanctions for misconduct of employees without regard to gender, race, age, or other classification. In her position as principal, the Plaintiff always performed her duties in a competent and professional manner and prior to Plaintiff's complaints about her treatment by Kelehan received positive evaluations during her employment. The treatment of Plaintiff is rife with discriminatory treatment as well as reckless disregard of the guarantees of equal protection without regard to gender.

23. These actions are in violation of the New York State Human Rights Law and laws preventing discrimination and violation of civil rights. The Defendants have participated in, allowed, and therefore condoned or maintained a long standing practice, custom and policy of

allowing the harassment, retaliation, and hostile treatment and discrimination against women.

24. The Defendants foster an atmosphere of discrimination, retaliation, hostility, and harassment based upon the conduct of Defendant Kelehan. Such treatment was and has been known to occur in the past and the Defendants through both direct and constructive knowledge have deliberately, recklessly and/or negligently participated in such acts and/or failed to cease or discourage such practices. Despite knowledge of such practices and treatment, the Defendants have deliberately and/or recklessly failed to correct, eliminate, or cease such practices nor seek good faith solutions to said practices.

25. Instead, the Defendants have encouraged, approved, continued and expanded, concealed and participated in such perpetuation of said hostility and illegal and unconstitutional discriminatory practices to the detriment and injury of the Plaintiff by denying equal terms and conditions of employment.

26. By acting as described above, the Defendants acted with malice or with reckless disregard for Plaintiff's contractual and civil rights, causing Plaintiff to suffer embarrassment, humiliation, degradation, anxiety, stress, loss of pay, loss of benefits, harm to reputation and good name, insomnia, anger, family discord, headaches, nervousness, anxiety, loss of appetite, and pain. Such acts by the Defendants have injured the Plaintiff and subjected her to extreme emotional harm and injury and she is entitled to compensation therefor.

## AS AND FOR THE FIRST CAUSE OF ACTION
## PURSUANT TO THE NYS HUMAN RIGHTS LAW

27. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 above.

28. By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under the Human Rights Law of the State of New York in that Plaintiff was harassed and subjected to a hostile work environment because of her gender.

29. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

## AS AND FOR THE SECOND CAUSE OF ACTION
## PURSUANT TO THE NYS HUMAN RIGHTS LAW

30. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 29 above.

31. By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under the Human Rights Law of the State of New York in that Plaintiff was treated in a disparate manner because of her gender.

32. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

## AS AND FOR THE THIRD CAUSE OF ACTION
## PURSUANT TO THE NYS HUMAN RIGHTS LAW

33. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 32 above.

34. By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under the Human Rights Law of the State of New York in that Plaintiff was retaliated against for opposing discrimination.

35. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

### AS AND FOR THE FOURTH AND FIFTH CAUSES OF ACTION PURSUANT TO 42 U.S.C. § 1983

36. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35 above.

37. By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution in that Plaintiff was subjected to a hostile work environment (Fourth Cause) and discriminated against (Fifth Cause) because of her gender.

38. With respect to the named municipal Defendants, the actions and omissions as aforementioned constitute municipal policy since they are the actions and omissions of final policy making officials of the Oriskany Central School District. In addition, said municipal Defendants created, maintained and/or fostered a custom, policy or practice of discrimination thereby causing Plaintiff injury and harm. Finally, said municipal Defendants failed to adequately train officers and supervisors on the rights of employees to be free from discrimination and retaliation.

39. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

### AS AND FOR THE SIXTH CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983

40. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 39 above.

41. By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under the First Amendment to the United States Constitution in that Plaintiff was retaliated against for exercising her free speech rights to oppose discrimination and to petition the government for redress of grievances.

42. With respect to the named municipal Defendants, the actions and omissions as aforementioned constitute municipal policy since they are the actions and omissions of final policy making officials of the Oriskany Central School District. In addition, said municipal Defendants created, maintained and/or fostered a custom, policy or practice of retaliation thereby causing Plaintiff injury and harm. Finally, said municipal Defendants failed to adequately train officers and supervisors on the rights of employees to be free from discrimination and retaliation.

43. As aforementioned, Plaintiff has sustained damages by reason of the Defendants' wrongful actions and omissions.

### AS AND FOR THE SEVENTH CAUSE OF ACTION
### DEFAMATION

44. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 43 above.

45. As aforementioned, Defendants communicated untrue statements about Plaintiff.

46. As a result, Plaintiff sustained damages as aforementioned.

47. The aforementioned statements are false and defamatory to the Plaintiff and were

uttered with malice and ill will.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
## AGAINST DEFENDANTS FOR INTENTIONAL
## AND/OR RECKLESS INFLICTION OF EMOTIONAL DISTRESS

48. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 47 above.

49. Defendants engaged in extreme and outrageous conduct as demonstrated by their actions set forth above.

50. Upon information and belief, Defendants intended to cause Plaintiff severe emotional distress. Alternatively, Defendants disregarded a substantial probability that their conduct would cause severe emotional distress.

51. As a direct and proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered severe emotional distress for which she has sought and received medical treatment and is entitled to compensation therefor.

## AS AND FOR A NINTH CAUSE OF ACTION
## AGAINST DEFENDANTS FOR TORTIOUS INTERFERENCE

52. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 75 above.

53. By their aforementioned actions and omissions, Defendants intentionally interfered with Plaintiff's employment with the Oriskany Central School District .

54. As a result, Plaintiff sustained damages as aforementioned.

## AS AND FOR A TENTH CAUSE OF ACTION
## FOR PRIMA FACIE TORT

55. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1

through 54 with the same force and effect as if set forth fully herein.

56.   Defendants intended to inflict harm upon the pecuniary interests of the Plaintiff by engaging in the aforementioned actions and omissions.

57.   Defendants had no justification or excuse to act in such manner and their actions and/or omissions were unlawful.

58.   The aforesaid acts and/or omissions of Defendants were intended to cause harm and injury to the Plaintiff and that as a result Plaintiff has suffered damages and is entitled to recover for those injuries and damages as previously set forth herein.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION
## UNDER TITLE VII FOR DISCRIMINATION BASED ON GENDER

59.   Plaintiff repeats and re-allege each and every allegation set forth in paragraphs 1 through 58 above.

60.   On or about February 16, 2017, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff's EEOC complaint was cross-filed with the New York State Division of Human Rights pursuant to a work-share agreement.

61.   On or about May 25, 2017, the U.S. Department of Justice, Civil Rights Division issued a Notice of Right to Sue letter to Plaintiff.

62.   Defendants Oriskany Central School District and Oriskany Central School District Board of Education, as Plaintiff's employers as that term is defined under Title VII of the Civil Rights Act of 1964, as amended, violated rights guaranteed to the Plaintiff under Title VII in that Plaintiff was subjected to discrimination in matters relating to the terms, conditions and privileges of her employment because of her gender.

63.   Plaintiff sustained damages by reason of the Defendants' unlawful actions and

omissions and is entitled to compensation therefor.

### AS AND FOR A TWELFTH CAUSE OF ACTION
### FOR HOSTILE WORK ENVIRONMENT UNDER TITLE VII

**64**.    Plaintiff repeats and re-allege each and every allegation set forth in paragraphs 1 through 63bove.

65.   By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under Title VII in that Plaintiff was harassed and subjected to a hostile work environment because of her gender.

66.    Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

### AS AND FOR A THIRTEENTH CAUSE OF ACTION
### UNDER TITLE VII FOR RETALIATION

67.   Plaintiff repeats and re-allege each and every allegation set forth in paragraphs 1 through 66 above.

68.  By engaging in the foregoing conduct, Defendants have violated rights guaranteed to the Plaintiff under Title VII in that Plaintiff was retaliated against and subjected to a retaliatory hostile work environment because of her complaints of discrimination on the basis of gender and hostile work environment.

69.    Plaintiff sustained damages by reason of the Defendants' unlawful actions and omissions and is entitled to compensation therefor.

PLAINTIFF DEMANDS A TRIAL BY JURY

**WHEREFORE**, the Plaintiff seeks judgment against the Defendants, jointly and severally, as follows:

a.  an Order enjoining the Defendants from further violating Plaintiff's rights;

      b.  compensatory damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

      c.  punitive damages in an amount to be determined at trial (said amount exceeding the jurisdiction of all lower courts);

      d.  attorneys' fees, costs and disbursements of this action;

      e.  declaratory relief finding each Defendant violated Plaintiff's rights;

      f.  such other and further relief the Court deems just and proper.

Dated: October 27, 2017
at Rome, New York

                                        s/A.J. Bosman

                                        _____
                                        A.J. Bosman, Esq.
                                        Bosman Law Firm, L.L.C.
                                        Attorneys for Plaintiff
                                        Office and Post Office Address
                                        201 W. Court Street
                                        Rome, New York 13440
                                        Telephone: (315) 336-9130