UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

LISA KRAUSE,

        Plaintiff,

  -v-                            6:17-CV-01045

GREG KELAHAN, Superintendent,
Oriskany Central School District, *et al.*,

        Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW, L.L.C. | A.J. BOSMAN, ESQ. |
| Attorneys for Plaintiff | ROBERT STRUM, ESQ. |
| 3000 McConnellsville Road | |
| Blossvale, New York 13308 | |
| | |
| THE LAW FIRM OF | CHARLES C. SPAGNOLI, ESQ. |
| FRANK W. MILLER, PLLC | |
| Attorneys for Defendants | |
| 6575 Kirkville Road | |
| East Syracuse, New York 13507 | |

DAVID N. HURD
United States District Judge

# ORDER

This case is set for a jury trial on Monday, October 18, 2021 at 9:30 a.m. in Utica, New York. Plaintiff Lisa Krause ("Krause" or "plaintiff") brings claims against the Oriskany Central School District (the "District"), the Oriskany Central School District Board of Education (the "Board"), the District

superintendent Greg Kelahan ("Kelahan"), and various individual members of the Board (together "defendants"). In an order dated May 29, 2020, which granted defendants' summary judgment motion in part, Senior United States District Judge Lawrence E. Kahn ordered that the following of plaintiff's claims may proceed to trial: (1) gender discrimination and hostile work environment claims against the District and the Board under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) gender discrimination claims against Kelahan and Board members Appler, Grazadei, Mayo, Kernan, and Anderson under New York State Human Rights Law ("NYSHRL"); (3) NYSHRL hostile work environment claims against Kelahan; and (4) NYSHRL hostile work environment claims against Board members Appler, Grazadei, Mayo, Kernan, Anderson, Hanna, Beaver, Courtney, and Rothdeiner (the "Individual Board Members").

Given that Krause's NYSHRL claims against the Individual Board Members raise potentially complex issues of state law and hearing them alongside the Title VII claims risks confusing the jury, this Court declines to exercise supplemental jurisdiction over such claims.

As a general matter, federal courts "have supplemental jurisdiction over all other claims that are so related to claims [over which the court has] original jurisdiction that they form part of the same case or controversy."

28 U.S.C. § 1367(a). However, district courts may decline to exercise supplemental jurisdiction over claims that fall into four categories:

> (1) the claim raises a novel or complex issue of State law;
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c); *see also Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011) (identifying the statutory factors).

Both § 1367(c)(1) and (c)(4) warrant declination of supplemental jurisdiction over Krause's NYHRL gender discrimination and hostile work environment claims against the Individual Board Members.

First, plaintiff's state law claims against the Individual Board Members raise thorny and potentially complex issues relating to a board member's status as an employer under the NYSHRL. Under the NYSHRL, an employer has "an ownership interest in the relevant organization or the power to do more than carry out personnel decisions made by others." *Peck v. Cty. of Onondaga, New York*, 2021 WL 3710546, at *13 (N.D.N.Y. Aug. 20, 2021). The archetypal example of an employer is an individual with the power to hire or fire. *Id.*

In the limited relevant caselaw, courts and litigants have reached different conclusions about whether an individual board member may be held liable as an "employer" under the NYSHRL. *Compare White v. Pacifica Foundation*, 973 F. Supp. 2d 363, 376 (S.D.N.Y. 2013) (finding that a radio station's board member was not an employer under NYSHRL) *with Swain v. Town of Wappinger*, 2019 WL 2994501, at *17 (S.D.N.Y. July 9, 2019) (noting that defendants admitted town board members were employers under NYSHRL). It is an unsettled question whether a school board member, acting alone, has the sort of authority necessary to trigger individual liability under the NYSHRL. The state courts are better positioned to consider this novel question of state law. Accordingly, supplemental jurisdiction over these claims will be declined pursuant to § 1367(c)(1).

Second, this is the "exceptional" case in which there are other, "compelling" reasons to decline to exercise supplemental jurisdiction. Under § 1367(c)(4), the contemporaneous presentation of Krause's NYSHRL claims against the Individual Board Members risks confusing the jury. Presently, plaintiff's NYSHRL gender discrimination claims survive against only Kelahan and Board members Appler, Grazadei, Mayo, Kernan, and Anderson, but plaintiff's NYSHRL hostile work environment claims survive against all nine of the Individual Board Members. Given the ongoing COVID-19 pandemic, the Court presently requires masks in the courtroom,

4

meaning the jury will be unable to see defendants' faces. Requiring jurors to parse which claims apply to which of these nine masked defendants would be exceedingly confusing.[1] Thus, supplemental jurisdiction over these claims will also be declined pursuant to § 1367(c)(4).

Therefore, it is

ORDERED that

1. Plaintiff's state law claims under the NYSHRL against the Individual Board Members are hereby DISMISSED without prejudice; and

2. The Court retains jurisdiction over plaintiff's Title VII claims against the District and the Board, as well as plaintiff's NYSHRL claim against Kelahan.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: October 7, 2021
       Utica, New York.

---

[1] Sister jurisdictions have similarly declined to exercise supplemental jurisdiction over state law claims where the contemporaneous presentation of these claims risked confusing the jury. *See, e.g., Alexander v. Byrd*, 2014 WL 5449626, at *11 (W.D. Tenn. Oct. 24, 2014); *Coggins v. Metal Improvement Co., LLC*, 2006 WL 1547768 (E.D. Mich. May 31, 2006); *Green v. Zendrian*, 916 F. Supp. 493, 500 (D. Md. 1996).