UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------
LISA KRAUSE,

        Plaintiff,

  -v-                            6:17-CV-01045

GREG KELAHAN, Superintendent,
Oriskany Central School District, *et al.*,

        Defendants.

--------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| BOSMAN LAW, L.L.C. | A.J. BOSMAN, ESQ. |
| Attorneys for Plaintiff | ROBERT STRUM, ESQ. |
| 3000 McConnellsville Road | |
| Blossvale, New York 13308 | |
| | |
| THE LAW FIRM OF | CHARLES C. SPAGNOLI, ESQ. |
| FRANK W. MILLER, PLLC | |
| Attorneys for Defendants | |
| 6575 Kirkville Road | |
| East Syracuse, New York 13507 | |

DAVID N. HURD
United States District Judge

## ORDER ON MOTIONS IN LIMINE

This case is set for a jury trial on Monday, October 18, 2021 at 9:30 a.m. in Utica, New York. The parties have moved *in limine* for pre-trial rulings on the admissibility of certain anticipated evidence or argument. Dkt. Nos. 123, 130, 136, 138.

A motion *in limine* is a motion made "on or at the threshold." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). "The term is used in the broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered." *Walker v. Schult*, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019) (cleaned up).

The purpose of an *in limine* motion is "to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996).

"Motions *in limine* may be directed toward barring specified evidence or argument and may be based on any of the grounds available under the Federal Rules of Evidence." 3 *Moore's Federal Practice* § 16.77(4)(d)(ii).

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Walker*, 365 F. Supp. 3d at 275 (cleaned up). "The movant has the burden of establishing that the evidence is not admissible for any purpose." *Id*. Of course, "[t]he trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id*. And finally,

2

"[t]he court's ruling regarding a motion *in limine* is subject to change when the case unfolds." *Id.*

Upon review of the parties' briefing in light of the governing evidentiary standards, it is

ORDERED that

1. Plaintiff's motion (Dkt. No. 123) is GRANTED;

    (I) Evidence or testimony concerning plaintiff's performance issues while employed by the Lunenburg Schools or the circumstances surrounding plaintiff's employment with the Lunenburg Schools is PRECLUDED, unless plaintiff opens the door for testimony or evidence on these issues that this order would otherwise preclude;

2. Defendants' motion (Dkt. No. 130) is GRANTED in part and DENIED in part;

    (I) Defendants' motion to preclude plaintiffs from calling Dr. Hend Abdelwahab to testify as to causation or upon any other subject of expert testimony or testimony not permitted from a treating physician called solely as a fact witness is DENIED;

    (II) Defendants' motion to preclude plaintiffs from introducing Colleen Zumbrun's prepared remarks is DENIED;

    (III) Defendants' motion to preclude plaintiff from introducing testimony or evidence with regard to Michele Simiele, her purported

3

experiences, her alleged information, or her purported claims is GRANTED, unless defendants open the door for testimony or evidence concerning Ms. Simiele that this order would otherwise preclude;

(IV)  Defendants' motion to preclude plaintiff from introducing testimony or evidence with regard to Kristine Somerville, her purported experiences, her alleged information, or her purported claims is GRANTED, unless defendants open the door for testimony or evidence concerning Ms. Somerville that this order would otherwise preclude;

(V)  Defendants' motion to deem the below issues established for all purposes at trial, and to preclude the introduction of evidence, testimony, or argument contradicting these issues, is DENIED:

   a. Defendant Gregory Kelahan ("Kelahan") recommended to defendant Board of Education (the "Board") that plaintiff be hired over two other candidates considered at the same time for the principal position, one of whom was male;

   b. After a male served as interim principal following plaintiff's termination, Kelahan recommended the Board hire a woman as the permanent replacement for plaintiff, and the Board did so;

   c. Plaintiff did not inform Kelahan of the changes to a student's 504 plan until he confronted her about the issue after the school year began;

d. Melissa Lowell and Karen Lobdell notified Kelahan before plaintiff's termination that they had not directed or approved plaintiff's changing the 504 plan without the involvement of a 504 committee;

e. Kelahan did not indicate approval of the 504 plan changes when he confronted plaintiff about the issue;

f. The 504 plan changes amounted to a serious transgression by plaintiff;

g. The Oriskany Central School District strictly adheres to its policy of allowing changes to 504 plans only through meetings of the 504 committee, and plaintiff's actions were out of line with that policy;

h. Plaintiff initiated the abandonment of the "bell system" at the start of the 2016-2017 school year herself;

i. Plaintiff failed to communicate the change to the "bell system" to others, such as the Board;

j. Plaintiff did not communicate the change to the "bell system" to Kelahan until the day after the school year began;

k. Plaintiff disseminated an e-mail with a schedule for the bells prior to the start of the 2016-2017 school year; and,

  l.  The 504 plan changes and the abandonment of the "bell system" involved conduct by plaintiff that constituted a sufficient justification for her termination.

IT IS SO ORDERED.

               _____
               David N. Hurd
               U.S. District Judge

Dated: October 13, 2021
     Utica, New York.