UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LISA KRAUSE,

                Plaintiff,

     -v-

**GREG KELAHAN, SUPERINTENDENT OF
SCHOOLS, ORISKANY CENTRAL SCHOOL DISTRICT;
ORISKANY CENTRAL SCHOOL DISTRICT; ORISKANY
CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION;
CARL GRAZADEI, BOARD PRESIDENT;
SHIRLEY BURTCH, VICE PRESIDENT;
MICHELLE ANDERSON, MEMBER;
ROBIN APPLER, MEMBER, THERESE
HANNA, MEMBER; ADAM KERNAN, MEMBER;
AMY MAYO, MEMBER; TAD BEAVER, FORMER
MEMBER; CHARLES COURTNEY, FORMER
MEMBER; PATRICK HOEHN, FORMER MEMBER;
DONALD ROTHDEINER, FORMER MEMBER;
MIKE DAVIS, REPRESENTATIVE OF "ORISKANY
ADMINISTRATORS UNION,"**

                Defendants.

**NOTICE OF APPEAL**

Civil Action No: 6:17-CV-01045
(DNH/ATB)

     **PLEASE TAKE NOTICE**, that Defendants Greg Kelahan, Oriskany Central School

District ("District"), Oriskany Central School District Board of Education ("Board"), Carl

Graziadei, Michelle Anderson, Robyn Appler, Therese Hanna, Adam Kernan, Amy Mayo, Tad

Beaver, Charles Courtney, and Donald Rothdiener hereby appeal to the United States Court of

Appeals for the Second Circuit from the following decisions, orders, and/or judgments, to the

extent specified:

1.    Each and every part of the Verdict and the Judgment entered in this action on the
25th day of October, 2021 (Doc. Nos. 170 and 172);

2.    Those parts of the Order on Motions in Limine entered in this action on the 13th
day of October, 2021, that granted Plaintiff Lisa Krause's motion in limine by
excluding evidence or testimony concerning Plaintiff's performance issues while
employed by the Lunenburg Schools or the circumstances surrounding Plaintiff's
employment with the Lunenburg Schools; denied Defendants' motion to preclude

Plaintiff from calling Dr. Hend Abdelwahab to testify as to causation or upon any other subject of expert testimony or testimony not permitted from a treating physician called solely as a fact witness; denied Defendants' motion to preclude Plaintiff from introducing Colleen Zumbrun's prepared remarks; and denied Defendants' motion to deem various issues denominated in the motion as established for all purposes at trial, and to preclude the introduction of evidence, testimony, or argument contradicting those issues (Doc. No. 141);

3.   Each and every part of the District Court's ruling denying Defendants' motion for judgment as a matter of law issued from the bench during trial on October 20, 2021;

4.   Each and every part of the District Court's ruling denying Defendants' renewed motion for judgment as a matter of law issued from the bench during trial on October 22, 2021;

5.   Each and every part of the District Court's ruling denying Defendants' motion for a mistrial issued from the bench during trial on October 22, 2021;

6.   Each and every part of the Memorandum-Decision and Order entered in this action on the 13th day of December, 2021 denying Defendants' post-trial motions (Doc. No. 185); and,

7.   Such part of the Memorandum-Decision and Order entered in this action on the 29th day of May, 2020, as denied Defendants' motion for summary judgment as to the Title VII gender discrimination and hostile work environment claims against the Oriskany Central School District and the Oriskany Central School District Board of Education, New York State Human Rights Law gender discrimination claims against the District, the Board, Kelahan, Appler, Graziadei, Mayo, Kernan, and Anderson, and New York State Human Rights Law hostile work environment claims against the District, the Board, Kelahan, Appler, Graziadei, May, Kernan, Anderson, Hanna, Beaver, Courtney, and Rothdiener;  failed to expressly designate as such its findings pursuant to Rule 56(g) that Plaintiff failed to apprise Kelahan of the 504 plan changes before the school year began, that the 504 plan incident transpired in relevant part the way Defendants described it, that the 504 plan issue was a serious transgression of law and District policy, that Plaintiff did not give "notice" of her plan to abandon the bell system until after she had implemented the change, that Defendants were justified in considering the bell system in their grievances about Plaintiff's work performance, and that discriminatory animus was not a "but-for" cause of Plaintiff's termination, regardless of whether it was a motivating factor; and failed to rule that Plaintiff's claims for post-termination damages under Title VII and the Human Rights Law were barred because Defendants had established as a matter of law the "mixed motive" defense in regard to her termination (Doc. No. 102).

Date:   January 6, 2022
        East Syracuse, New York                    Respectfully submitted,


                                        By:    Charles C. Spagnoli
                                               **CHARLES C. SPAGNOLI, ESQ.**
                                               Bar Roll No.: 507694
                                               *Attorneys for Defendants*
                                               Office and Post Office Address:
                                               6575 Kirkville Road
                                               East Syracuse, New York 13057
                                               Telephone: (315) 234-9900
                                               Facsimile: (315) 234-9908
                                               cspagnoli@fwmillerlawfirm.com