UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------
LISA KRAUSE,

             Plaintiff,

  -v-                                      6:17-CV-01045

GREG KELAHAN, SUPERINTENDENT
OF SCHOOLS, ORISKANY CENTRAL
SCHOOL DISTRICT; ORISKANY CENTRAL
SCHOOL DISTRICT; and ORISKANY CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION

             Defendants.

--------------------------------

APPEARANCES:                         OF COUNSEL:

BOSMAN LAW FIRM, LLC            A.J. BOSMAN, ESQ.
*Attorneys for Plaintiff*
3000 McConnellsville Road
Blossvale, New York 13308

THE LAW FIRM OF                CHARLES C. SPAGNOLI, ESQ.
FRANK W. MILLER, PLLC
*Attorneys for Defendants*
6575 Kirkville Road
East Syracuse, New York 13057

DAVID N. HURD
United States District Judge

**MEMORANDUM-DECISION and ORDER**

## I. <u>INTRODUCTION</u>

From October 18, 2021, to October 25, 2021, this Court held a jury trial to examine claims of gender discrimination brought by plaintiff Lisa Krause ("Krause" or "plaintiff") against defendants the Oriskany Central School District (the "District"), its Board of Education (the "School Board"), and its former Superintendent of Schools, Gregory Kelahan ("Kelahan" and together "defendants").

In essence, plaintiff claimed that defendants discriminated against her during her employment as a principal in the Oriskany Central School District, eventually leading to her termination. Plaintiff worked to vindicate that claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) ("Title VII"), as well as under the New York State Human Rights Law ("NYSHRL"). Plaintiff ultimately prevailed at trial on all counts and against all defendants in the amount of $484,456.00. The Court entered judgment against defendants in this amount on October 25, 2021. Now, plaintiff moves for $167,868.89 in attorney's fees and costs arising from this successful litigation.[1]

---

[1] Nowhere does plaintiff list this number in her memorandum of law (Dkt. 187-3) or attorney affirmation (Dkt. 187-1). Instead, plaintiff seemingly expected this Court to wade through 96 pages of invoices (Dkt. 187-2), which fail to even separate out attorney's fees from expenses, in order to divine the amount she seeks to recover. The Court cautions plaintiff's counsel from combining costs and fees in the future; it is not the trial court's job to function as an accountant. *See Fox v. Vice*, 563 U.S. 826, 838 (2011). As noted below, such deficiencies will contribute to a blanket reduction in plaintiff's requested fees and expenses.

2

## II. LEGAL STANDARD

Under Title VII, "the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee (including expert fee) as part of the costs." 42 U.S.C. § 2000e-5(k).  The NYSHRL contains a similar provision, stating, "with respect to a claim of employment or credit discrimination where sex is a basis of such discrimination ... the court may in its discretion award reasonable attorney's fees attributable to such claim to any prevailing party." N.Y. Exec. Law § 297.  The prevailing party may also seek compensation for time spent on post-trial work and litigating applications for attorney's fees and costs.  *Hines v. City of Albany*, 862 F.3d 215, 223 (2d Cir. 2017).

The burden rests on the party seeking attorney's fees to submit sufficient evidence to support the hours worked and the rates claimed.  *Olsen v. Cty. of Nassau*, 2010 WL 376642, at *2 (E.D.N.Y. Jan. 26, 2010).  Still, "the determination of fees should not result in a second major litigation," and in evaluating an application, "trial courts need not, and indeed should not, become green-eyeshade accountants."  *Fox*, 563 U.S. at 838; *see also Restivo v. Hessemann*, 846 F.3d 547, 589 (2d Cir. 2017).

## III. DISCUSSION

Krause requests fees and expenses in the amount of $167,868.89 stemming from the work of five people: (1) senior attorney A.J. Bosman ("Bosman") at an hourly rate of $350; (2) associate Robert Strum ("Strum") at

3

an hourly rate of $175; (3) former associate Stephanie Kroll ("Kroll") at an hourly rate of $165; (4) paralegal Anthony Fernicola ("Fernicola") at an hourly rate of $90; and (5) paralegal Nicole Cruz ("Cruz") at an hourly rate of $80.

Defendants argue that these requests are excessive on several grounds. The Court addresses each in turn.

### A. Hourly Rates

Defendants first argue that the hourly rates Krause's counsel requests for herself, her associates, and her paralegals are excessive. Considering the rates ordinarily awarded in this district and the factors outlined in *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 190 n.3 (2d Cir. 2008), the Court agrees to some extent. However, given the other issues with plaintiff's fee request, the Court elects to impose a percentage reduction in her total requested fees and expenses rather than alter the hourly rates she seeks.

### B. Work Performed Prior to the EEOC Filing

Defendants next contend that the Court should not award Krause for her counsel's work performed from September 16, 2016 through January 10, 2017 because it relates to preparing a discrimination charge before the United States Equal Employment Opportunity Commission ("EEOC"). Defendants reason that charges from this time period are "not properly subject to

4

recovery under 42 U.S.C. § 1988 as only the time spent 'on the litigation' of the federal civil rights claims is recoverable." Dkt. 191-1 at 4 (citing *Doe v. Cornell University*, 2019 WL 1567535, *5-*6 (N.D.N.Y. 2019)). The Court is unpersuaded.

The Court notes that Krause does not seek recovery under 42 U.S.C. § 1988, as defendants claim, but rather 42 U.S.C. § 2000e–5(k). Section 2000e-5(k) references "proceedings" as well as "actions," and in analyzing the statute, the Supreme Court has noted that it "leave[s] little doubt that fee awards are authorized for legal work done in 'proceedings' other than court actions," including "expenses incurred for administrative proceedings." *New York Gaslight Club, Inc. v. Carey*, 447 U.S. 54, 61 (1980). The *Carey* court went on to explain that "Title VII merely provides a supplemental right to sue in federal court if satisfactory relief is not obtained in state forums … [o]ne aspect of complete relief is an award of attorney's fees, which Congress considered necessary for the fulfillment of federal goals." 447 U.S. at 67–68 (internal citations omitted).

As defendants recognize, the invoice entries at issue relate to the preparation of Krause's EEOC charge, an administrative proceeding that Title VII mandates claimants resort to before they can bring an action in federal court. *See Carey*, 447 U.S. at 65. Section 2000e-5(k) authorizes fee awards for work done in these proceedings, and plaintiff may request

5

reimbursement for her counsel's work performed from September 16, 2016 through January 10, 2017.

**C. Block Billing**

Predictably, defendants next take issue with Krause's attorneys' use of block billing. The Court agrees that such practices warrant a reduction in plaintiff's fees.

Block billing, in which a timekeeper improperly lumps several discrete acts together into a single large time entry, obscures fee requests and makes it harder for courts to assess whether they are reasonable. *Perez v. Cty. of Rensselaer, New York*, 2020 WL 1975069, at *3 (N.D.N.Y. Apr. 24, 2020) (citing *Stair v. Calhoun*, 722 F. Supp. 2d 258, 271 (E.D.N.Y. 2010)). As a result, courts often assess blanket reductions where a party requesting fees engages in this practice. *See id.* (imposing 10% reduction where moving party block billed); *Stair*, 722 F. Supp. 2d at 271 (same); *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 314 (S.D.N.Y. 2009) (imposing 15% reduction for block billing and noting that such a reduction was "on the low end of the scale").

As but one example[2], on October 25, 2016, there is a 5.50-hour time entry for "Review: review notes of client consults and correspondence[;] draft notice

---

[2] Defendants also identify numerous other examples of block billing in their attorney affidavit. *See* Dkt. 191, ¶ 6.

of claim; correspond with client regarding draft and soliciting comments regarding same; review email from client commenting on notice of claim and alerting of doctor's appointment." Defendants correctly note that this Court has cautioned Krause's attorney regarding her use of block billing in the past and has imposed a fee reduction across the board where her entries included excessive block billing. *See Perez*, 2020 WL 1975069, at *3. As in *Perez*, a reduction in billed hours across each of Krause's attorneys and paralegals is appropriate and will factor into the Court's overall reduction in fees.

**D. Excessive Hours**

Defendants also complain that Krause's legal team spent excessive hours on this matter. Specifically, defendants take issue with time spent on counsel's in-firm conferences, summary judgment practice, and trial attendance, and seek both a percentage reduction in fees and a reduction in hours billed.

With respect to each of these issues, defendants cite but one case – *Brooks v. Roberts*, a recent decision from this Court. 501 F. Supp. 3d 103 (N.D.N.Y. 2020). *Brooks* is plainly distinguishable. Although the Court did apply a 30% across-the-board reduction in *Brooks*, counsel and paralegals there billed 1,589.58 hours on the matter – more than double the time that Krause's team spent. *Id.* at 114. This difference in time spent is especially notable considering that the parties in *Brooks* did not take the case to trial, but

rather settled it at an earlier stage. *Id*. at 108. By contrast, this matter was hotly contested from the pleading stage all the way through trial – with defendants making multiple efforts to dismiss the case at several points in between.

Moreover, the *Brooks* plaintiffs included between *four and eleven lawyers* on each conference call and meeting, *Brooks*, 501 F. Supp. 3d at 114, whereas Krause's conferences primarily involved just Bosman and a single paralegal, *see* Dkt. 191, ¶ 8. By the same token, Bosman's use of a single associate and paralegal during a weeklong trial is not unusual, and is certainly more reasonable than the *Brooks* plaintiffs' staffing of "four or more lawyers" in addition to a paralegal at all settlement conferences, court conferences, and other meetings. *Brooks*, 501 F. Supp. 3d at 114.

Lastly, the Court in *Brooks* held that billing more than one hundred hours to "preliminary motion practice," which included motions for preliminary relief and class certification, and an opposition to a motion to dismiss, was excessive. *Brooks*, 501 F. Supp. 3d at 114. Of course, a fully briefed motion for summary judgment, which defendants complain about here, is significantly more labor-intensive than preliminary briefing, and the approximately 150 hours Krause's counsel spent is reasonable under these circumstances.

8

Accordingly, defendants' arguments concerning excessive hours must be denied.

**E. Costs**

Defendants next argue that, because Krause provides no copies of invoices from vendors for their services, certain unsupported costs should not be reimbursed. Specifically, defendants take issue with entries related to: (i) process server fees; (ii) mediation fees; and (iii) deposition transcripts.

Regarding costs, a plaintiff may recover identifiable, out-of-pocket disbursements relating to filing fees, process servers, postage, and photocopying. *Perez*, 2020 WL 1975069, at *5 (citing *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, 2019 WL 312149, at *12 (E.D.N.Y. Jan. 3, 2019)). The moving party bears the burden of demonstrating the reasonableness of each charge; failure to provide adequate documentation of costs will limit, or even defeat, recovery. *Martinez v. Alimentos Saludables Corp.*, 2017 WL 5033650, at *29 (E.D.N.Y. Sept. 22, 2017); *see also Sheldon v. Plot Com.*, 2016 WL 5107072, at *20 (E.D.N.Y. Aug. 26, 2016) (recommending costs for serving defendant "be denied due to lack of adequate documentation").

As defendants note, Krause provides no supporting documentation pertaining to her charges incurred from outside vendors. Without documentation in support of these requests, the Court has no basis for evaluating their reasonableness. Plaintiff has not met her burden of

9

demonstrating that the charges from outside vendors are reasonable; she may not recover the $1,936 in charges referenced in Paragraph 7 of defendants' attorney affirmation (Dkt. 191).

Relatedly, the Court observes that Krause's intermingling of attorney's fees and costs in her invoice makes it extremely difficult to determine a sum certain for appropriate reductions. Such practice will contribute to an overall percentage reduction in plaintiff's recoverable amount.

### F. Administrative Charges

Defendants also assert that the Court should not reimburse certain "automatic" charges, and that it should not permit Krause to recover for entries related to "excessive" document scanning.

In support of this argument, defendants cite *Deferio v. City of Syracuse*, 2018 WL 3069200, at *6 (N.D.N.Y. June 21, 2018), and claim that clerical and administrative work is not billed to clients. With respect to the automatic entries for (.25) hours each, *see* Dkt. 191, ¶ 9, the Court agrees. Such entries appear to be for saving documents or related file management and are not recoverable. *See Deferio*, 2018 WL 3069200, at *6 ("organizing case files … [is] not compensable"). However, Krause may recover for the (.5) hour document scanning entries, *see* Dkt. 191, ¶ 10, because these are related to trial exhibit preparation. *See Deferio*, 2018 WL 3069200, at *6 ("paralegal

tasks 'such as the selection and redaction of trial exhibits and preparation of trial exhibits are compensable'").

In sum, Krause may not recover for the numerous (the Court counts eighty-one) entries of (.25) hours each that defendants identify in Paragraph 9 of their attorney affirmation (Dkt. 191), but she may recover for the (.5) hour document scanning entries identified in Paragraph 10. The Court reduces plaintiff's fees by a total of $2,757.50.

### G. Erroneous Time Entries

Finally, defendants note that several of Krause's time entries from December 27, 2021 appear to be in error, as they pertain to receipt and review of correspondence dating back to 2018, as well as the 2018 mediation in this case. The Court agrees that these entries seem erroneous, and plaintiff's requested fees must be reduced by a further $442.50.

### IV. CONCLUSION

In addition to the $5,136 in reductions outlined in Sections III.E through III.G of this order, the Court finds it appropriate to set an across-the-board reduction of 20% to account for counsel's block-billing and intermingling of fees and expenses. Applying the 20% reduction to the reduced fee award, plaintiff may recover a total of $130,186.31 in fees and expenses. Therefore, it is

ORDERED that

1. Plaintiff Lisa Krause's motion for attorney's fees is GRANTED in part and DENIED in part;

2. Plaintiff Lisa Krause may recover $130,186.31 in attorney's fees and expenses in addition to the $484,456.00 verdict.

The Clerk of Court is directed to enter a second judgment in the sum of $130,186.31 accordingly and close the file.

IT IS SO ORDERED.

_____
David N. Hurd
U.S. District Judge

Dated: February 2, 2022
        Utica, New York.